Daniel L. Bonnett (AZ#014127)
Martin & Bonnett, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900
Facsimile: (602) 240-2345
dbonnett@martinbonnett.com

David I. Moulton (Texas Bar No. 24051093)
   (*pro hac vice application pending*)
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Telephone:  (713)877-8788
Facsimile:  (713) 877-8065
dmoulton@brucknerburch.com

*Attorneys for Plaintiff and the Proposed Classes*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Greenlee, on behalf of himself and others similarly situated, | Case No: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BEPC, Inc., | |
| Defendant. | |

## SUMMARY

1. This an action for violations of the Fair Labor Standards Act, 29. U.S.C. § 201, *et seq* and the Arizona Wage Law, A.R.S. § 23-341, *et seq*.

2. Defendants, BEPC, Inc. ("BEPC") did not pay overtime to its "Deployment

Technicians." Instead, BEPC pays these blue-collar phone installation employees a flat weekly rate, even though they routinely work over 40 hours per week. Because BEPC's payroll practice violates the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) and the requirements of Arizona's wage statutes, Ariz. Rev. Stat. § 23-350, *et seq.*, Plaintiff, Donald Greenlee, ("Plaintiff" or "Greenlee") brings this collective action to recover unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over the FLSA claims. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a).

4. Venue is proper because Greenlee worked and resides in this District and Division. Further, a substantial part of the events alleged herein occurred in this District and Division. *See* 28 U.S.C. §§ 1391 (b) & (c).

## PARTIES

5. BEPC is a for profit corporation registered with the Arizona Corporation Commission to transact business in Arizona and at all times relevant, listed its place of business in Arizona as 8825 N. 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

6. At all times relevant, BEPC was an "employer" within the meaning of 29 U.S.C. § 203(d); 29 C.F.R. §§825.102 & 825.104; and A.R.S. §23-350(3) and employed Greenlee and the Class Members within the meaning of the FLSA and Ariz. Rev. Stat. § 23-350.

7. At all times relevant, Greenlee was an "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1) and the Arizona Wage Law, A.R.S. § 23-350 and was employed by BEPC as a Deployment Technician. His consent to sue form is attached as Ex. 1.

8. Greenlee brings this action on behalf of himself and other similarly situated Deployment Techs who were paid a flat weekly rate by BEPC without overtime pay for

hours worked in excess of 40 in workweek These workers are collectively referred to as the "Class Members."

## GENERAL ALLEGATIONS

9. BEPC operates and transacts business in Arizona, Texas, and Mexico.

10. At all relevant times, BEPC was and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

11. Upon information, BEPC's annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

12. BEPC employed Greenlee and the Class Members in Arizona and several other states.

13. BEPC employed Greenlee and the Class Members to install telephone equipment.

14. In each of the past three years, BEPC had revenues in excess of $500,000.

15. Over the past three years, BEPC employed individuals, including Greenlee, that were paid a flat weekly rate without overtime pay for hours worked over 40 in a workweek.

16. Over the past three years, BEPC, or the enterprise of which it is a part, employed at least two individuals that routinely handled goods or materials—such as phones, computers, and tools—that moved in, or were produced for, interstate commerce.

17. BEPC is, or is part of, an enterprise engaged in interstate commerce under the FLSA and is subject to the FLSA's requirements.

18. BEPC, at all relevant times, paid Greenlee and the Class Members a fixed weekly rate without overtime compensation, even though they regularly worked in excess of 40 hours in a workweek.

19. For example, BEPC paid Greenlee $1,200 per week without paying time and one-half the "regular rate" required by the FLSA for hours worked in excess of 40 in a week.

3

20. Greenlee and the Class Members routinely worked many hours in excess of 40 per week. They often worked 60 hours or more in a workweek.

21. Accordingly, Greenlee and the Class Members had a reasonable expectation they would be paid overtime wages.

22. BEPC knew Greenlee and the Class Members worked more than 40 hours in a workweek. BEPC knew this because it gave Greenlee and the Class Members "comp time" instead of paying overtime.

23. BEPC keeps track of "comp time" in what is known as a "bank book."

24. BEPC knew the FLSA does not allow private employers like BEPC to compensate its workers for overtime hours with "comp time."

25. BEPC failed to allow Greenlee to use all the "comp time" he "banked."

26. It is well established that blue-collar workers, like Greenlee and the Class Members, are not exempt from the overtime provisions of the FLSA, no matter how they are paid. BEPC knew this, or recklessly disregarded this.

27. BEPC knew Greenlee and the Class Members were not exempt from the FLSA's overtime provisions.

28. BEPC received complaints, including from Greenlee, about its failure to pay overtime, but it failed to correct its payroll policy.

29. Greenlee asked BEPC on multiple occasions which overtime exemption BEPC claimed for Deployment Techs, but BEPC simply ignored Greenlee's inquiries.

30. BEPC knew, or acted with reckless disregard, to whether Greenlee and the Class Members were misclassified as exempt employees under the FLSA.

### CLASS AND COLLECTIVE ALLEGATIONS

31. BEPC's policy of paying Deployment Techs a flat weekly rate without overtime pay violates the FLSA.

32. BEPC's policy of paying a flat weekly rate affects Greenlee and the Class Members in a similar manner because, as explained above, blue-collar workers are non-exempt from overtime no matter how they are paid. Accordingly, they are each owed

4

overtime pay for the same reason even though their job duties may differ in nonmaterial respects. Accordingly, Greenlee and the Class Members are similarly situated for the purposes of their overtime claims.

33. The Class Members include members of the FLSA Class and members of the Arizona Class.

34. Greenlee proposes the following definition for the FLSA Class:

> All current and former Deployment Techs employed by BEPC who were paid a flat weekly rate without payment at time and one-half for hours worked in excess of 40 hours in a workweek during the last three years.

35. Notice under § 216(b) of the FLSA should be sent to members of the FLSA Class so they may make an informed decision to file a consent form to opt-in to this case.

36. Greenlee also brings suit on behalf of himself and all others similarly situated for violations of Arizona's Wage Statutes under the provisions of Rule 23 of the Federal Rules of Civil Procedure with respect to violations alleged in this Complaint.

37. Greenlee proposes the following definition for the Arizona Class under Rule 23:

> All current and former Deployment Techs employed by BEPC who were paid a flat weekly rate without payment at time and one-half for hours worked in excess of 40 hours in a workweek during the last three years in Arizona.

38. The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a)(1) are satisfied in that there are too many members of the Arizona Class for joinder of all of them to be practicable. Upon information, there are more than 15 members of the proposed Arizona Class.

39. The claims of the Arizona Class members raise numerous common questions of fact and law, thereby satisfying the requirements of Fed. R. Civ. P. 23(a)(2).

40. Greenlee's claims are typical of the claims of the Arizona Class members and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(3). Greenlee and the Arizona

Class members work or have worked for BEPC and have not been paid overtime wages for hours they worked in excess of 40 hours in a workweek.

41. Greenlee will fairly and adequately represent the interests of the proposed Arizona Class and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(4).

42. Greenlee retained counsel who are competent and experienced in complex class actions and in labor and employment litigation and therefore satisfy the requirements of Fed. R. Civ. P. 23(g).

43. All of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the Arizona Class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for BEPC. Also, individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties.

44. All of the requirements of Fed. R. Civ. P. 23(b)(2) also are satisfied in that BEPC's actions affect or have affected all Arizona Class members in the same manner, making appropriate final declaratory and injunctive relief with respect to the Arizona Class as a whole.

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA
## (29. U.S.C. § 201 *et seq.*)

45. Plaintiff repeats and realleges all allegations in the preceding paragraphs as if fully set forth herein.

46. By failing to pay Greenlee and the members of the FLSA Class overtime at one-and-one-half times their regular rates, BEPC violated the FLSA's overtime provisions.

47. BEPC owes Greenlee and the FLSA Class members the difference between the rate actually paid and the proper overtime rate for all overtime hours worked. Because BEPC knew, or showed reckless disregard for whether, its pay practices violated the FLSA, it owes these wages for at least the past three years.

6

48. BEPC also owes Greenlee and the FLSA Class members an amount equal to the unpaid overtime wages as liquidated damages.

49. Greenlee and the FLSA Class members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## COUNT II
## VIOLATION OF ARIZONA'S WAGE ACT
### (A.R.S. § 23-350 *et seq.*)

50. Plaintiff repeats and realleges all allegations in the preceding paragraphs as if fully set forth herein.

51. Greenlee and the Arizona Class members were employed by BEPC within the meaning of and subject to Ariz. Rev. Stat. § 23-350.

52. Ariz. Rev. Stat. § 23-351 provides that:

> A. Each employer in this State shall designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the employees . . .
>
> ***
>
> C. Each employer shall, on each of the regular paydays, pay to the employees . . . all wages due the employee up to such date . . .

53. Ariz. Rev. Stat. § 23-351(c)(3) provides that: "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

54. As set forth above, the FLSA requires that employees, such as Plaintiff and Arizona Class Members, be paid overtime wages for all hours worked in excess of forty hours per week and BEPC has failed to timely pay required overtime wages to non-exempt, qualified employees.

55. Defendant has failed and continues to fail to timely pay all wages and overtime due Plaintiff and Arizona Class Members within the time required by law.

56. As a result of Defendant's violations of Ariz. Rev. Stat. § 23-351, Plaintiff is entitled to an award of the unpaid wages, with prejudgment interest thereon, and is entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to A.R.S. §23-355.

7

**PRAYER FOR RELIEF**

Wherefore, Greenlee prays for relief as follows:

a. An order allowing Greenlee and the FLSA Class members to proceed as a representative collective action under the FLSA;

b. An order allowing Greenlee and the Arizona Class members to proceed as a Rule 23 Class;

c. An order and judgment declaring that BEPC has violated the FLSA with respect to Plaintiff and Class Members, an award of all recoverable damages including liquidated damages, and that Defendant is liable for all damages, interest, attorneys' fees and costs;

d. An order and judgment declaring that Defendant has violated Arizona's Wage Act, A.R.S. § 23-350 et seq., an award of all recoverable damages including treble damages, , interest, attorneys' fees and costs;

e. Judgment awarding Greenlee and the FLSA Class members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

f. Judgment awarding Greenlee and the Arizona Class members all unpaid overtime compensation, with prejudgment interest thereon, treble the amount of such wages, together with attorneys' fees, costs, and expenses under the Arizona wage statutes;

g. A service award for Greenlee as permitted by law;

h. Pre- and post-judgment interest at the highest rate allowable by law; and

i. All such other and further relief to which Greenlee and the Class Members may show themselves to be justly entitled.

Dated: January 2, 2019            Respectfully submitted,

By: */s/ Daniel L. Bonnett*
    Daniel L. Bonnett
    MARTIN & BONNETT, P.L.L.C.

|   |   |
|---|---|
| 1 | 4647 N. 32nd Street, Suite 185 |
| 2 | Phoenix, AZ 85018 |
|   | Tel: (602) 240-6900 |

and

By: /s/ David Moulton
    David I. Moulton
    Bruckner Burch PLLC
    8 Greenway Plaza, Suite 1500
    Houston, TX 77046

*Attorneys for Plaintiff and the Proposed Classes*